**IN THE UNITED STATES DISTRICT COURT**
**THE WESTERN DISTRICT OF TENNESSEE**

---

LORENZO CLARK,

        PLAINTIFF,

VS.                                 CASE NO:

MEMPHIS ANIMAL SERVICES, and
The CITY OF MEMPHIS and UNKNOWN NAMES      JURY DEMANDED
OF MEMPHIS POLICE OFFICERS TO BE NAMED IN
THEIR INDIVIDUAL CAPACITY AS MEMPHIS POLICE
DEPARTMENT OFFICERS,

        DEFENDANTS.

---

COMPLAINT FOR VIOLATION OF FOURTH AMENDMENT, 14th AMENDMENT
PROCEDURAL AND SUBSTANTIVE DUE PROCESS OF LAW, MALICIOUS
PROSECUTION, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, AND
OUTRAGEOUS CONDUCT

---

     Comes now the Petitioner, Lorenzo Clark, and as the basis for relief in the District Court

states the following facts:

I.

**NATURE OF THE ACTION**

1.     This lawsuit is a civil-rights complaint for damages sustained by a United States Citizen

when a uniformed officer of the Memphis Police Department (the "MPD") entered his premises

in violation of the Fourth Amendment's constitutionally established right to be free from

unreasonable searches and seizures; the Fourteenth Amendment rights to substantive and

procedural due process under the law; and causes of action under the Tennessee Governmental

Tort Liability Act.

II.

## JURISDICTION AND VENUE

2.      The District Court has original jurisdiction to adjudicate claims or rights arising under the Constitution, treatises, or laws of the United States under 28 USC § 1331.

3.      The District Court has supplemental jurisdiction under 28 USC § 1367 (a) to adjudicate state law claims arising from the same nucleus of operative facts as the federal claims.

4.      Under 28 USC § 1391(b)(2), the venue for this action is laid correctly in the Western District of Tennessee, within the territorial boundaries of all occurring acts, transactions, and events pertinent to this action.

III.

## PARTIES

5.      Plaintiff Lorenzo Clark is a Memphis, Shelby County, Tennessee resident, and at all relevant times, resided herein at 1924 Baldwin Avenue, Memphis, TN 38127.

6.      Defendant, Memphis Animal Services, is a City of Memphis organization that offers a wide range of services, including sheltering lost and homeless animals, pet adoption and placement, handling of animal control and bite cases, dog licensing, etc. Memphis Animal Control's location is  2350 Appling City Cove, Memphis, TN 38133.

7.      Defendant, The City of Memphis is a governmental entity. This case involves questions of the Plaintiff's constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution and pendent claims incidental to those constitutional deprivations.

8.      Defendants, John Doe Officers, are employees of the City of Memphis' Police Department and were at all times acting within the course and scope of their employment.

2

IV.

**FACTS IN SUPPORT OF CAUSES OF ACTION**

9.      Plaintiff, Lorenzo Clark, was the occupant and owner of the premises known as 1924 Baldwin, Memphis, TN 38127. A chain link fence encloses the home's rear, including the backyard entrance.

10.      Plaintiff was the owner of ten (10) American pit bulls and an Exotic Bully Mix, consisting of 5 pit-bull puppies, five adult pit bulls, and a two (2) years old Exotic Bully. All animals were healthy and cared for by Plaintiff and received medical treatment as needed with health supplies obtained from Tractor Supply.

11.      On September 24, 2021, while conducting an animal "welfare check," Memphis Animal Services (MAS) employees peered into Plaintiff's yard through his neighbor's fence. Through the opening, Plaintiff was asked by a MAS employee, "why he had so many dogs?" He stated that "his dogs were well taken care of" and asked MAS to "please stop leaning on his fence." Soon afterward, Plaintiff left his home.

12.      According to MAS' testimony, they called an officer of the Memphis Police Department to ensure the safety of MAS employees before they entered to search Plaintiff's property. The MPD officer, name unknown, gained access to Plaintiff's premises through the closed gate of Plaintiff's home and conducted a search and seizure of Plaintiff's premises. Under oath at the preliminary hearing, the MAS officer said that no conditions existed in the Plaintiff's yard that evidenced a danger to the dogs. She stated that only four (4) dogs were visible through the fence's opening from the neighboring yard.

13.      When Plaintiff returned home, he found his animals gone. He later learned from a neighbor that his dogs the "dog pound" took his dogs. Contrary to City Ordinance, Title 8-

ANIMALS § 8-16-7, Plaintiff did not receive notice of impoundment of his property or its whereabouts, nor was he provided information on his redemption rights. Additionally, Defendant MAS did not leave any instructional or confiscation papers at Plaintiff's address.

14.     On September 26, 2021, Plaintiff presented to Defendant's place of business to facilitate his dogs' return and ascertain their well-being. Defendant said he could not get his dogs until his court date. Defendant gave him documents to sign and made a copy of his Tennessee Drivers' License.    He was given a notice of court date on October 6, 2021, to appear before the Environmental Court Judge.

15.     On October 6, 2021, following the court date and a fine of ten dollars, Plaintiff received remedial instructions from the Environmental Court to lengthen the chain of one dog from 4 feet to six feet. In addition, the court ordered him to vaccinate all dogs and to maintain their general care and comfort.

16.     Afterward, Plaintiff again presented to Memphis Animal Services to retrieve his dogs; the field supervisor informed him that ownership transferred to Defendant when Plaintiff failed to bond the dogs out. Defendant stated that he should expect a follow-up phone call from Defendant.

17.     After failing to hear from Defendant, Plaintiff returned to Memphis Animal Services on October 7, 2021.

18.     Defendant told Plaintiff that he forfeited ownership of the dogs because he failed to retrieve his dogs timely.

19.     Plaintiff never received notice of any rights or procedure to retrieve his property, nor was he told that he could forfeit the dogs through inaction. Instead, Defendant only stated that Plaintiff could not recover or see his dogs until action by the Court.

20.     Despite repeated requests by Plaintiff, Defendant refused Plaintiff all access to his dogs, including providing him a view of his dogs.

21.     Memphis Animal Services (formerly Memphis Animal Shelter) has a long history of employees indicted for mismanagement of cash and drugs during their employment.

22.     In addition, Memphis Animal Control officer, Demetria Hogan, was indicted for stealing a pit bull that came under her care after escaping its owner's backyard. Five months later, the dog surfaced in Senatobia, Mississippi.

23.     Upon information and belief, Defendant MAS shipped Plaintiff's Exotic Bully out of state before Plaintiff's October 6th court date. As a result, Plaintiff experienced extreme fear and anguish over the plight of his animals and experienced incessant worry and physical illness because of the forced separation from his dogs.

24.     Plaintiff's dogs were Geronimo, Hellcat, Pikachu, Charles, Chavis, Bam Bam, Poison, Gustavo, Betty, Buckshot, and Simba. Geronimo, the bully, was purchased from Plaintiff's best friend in California, who passed away shortly after the purchase. Geronimo was inexplicably close to the heart of Plaintiff. The three pups allegedly euthanized were Poison, Charles, and six-month-old Gustavo. The animals were a significant source of comfort to Plaintiff following the death of his mother in 2020. The dogs were not just property he possessed; they were living things he loved and cherished.

25.     As a result, Plaintiff filed a motion for injunctive relief in the Circuit Court of Shelby County, Tennessee, on October 12, 2021, under cause number CT-4119-21. After that, Defendant Memphis Animal Services was served with an amended writ of injunction on October 18, 2021, with a hearing on the injunction scheduled for October 29, 2021.

26.     One day before the hearing on October 29. 2021, Defendant MAS, under color of law, caused a warrant to issue for Plaintiff's arrest in retaliation for Plaintiff exercising his right to recover his property through lawful means. Plaintiff's prosecution was malicious and recklessly disregarded Plaintiff's constitutional rights to be free of unwarranted seizures under the Fourth Amendment guarantees.

27.     On October 28, 2021, John Doe police officer, due to lack of training or reckless disregard of established constitutional procedures requiring probable cause for the issuance of a warrant against a citizen of the State of Tennessee and the United States of America, and under color of law caused a warrant to issue for Plaintiff's arrest in retaliation for Plaintiff exercising his right to recover his property through lawful means.

28.     On October 29, 2021, Plaintiff showed up for the hearing and was arrested after MAS' attorney asked about Plaintiff's identity and whereabouts in the courtroom. Due to Defendant MAS' contrived unavailability of Plaintiff, the hearing continued to November 3, 2021.

29.     On November 1, 2021, Plaintiff's face was published across the local news broadcasting his arrest for eleven (11) counts of animal cruelty and three counts of dog fighting. He was released from jail after posting a $5,000.00 bond.

30.     On November 3, 2021, the Circuit Court granted Plaintiff a temporary injunction enjoining Defendant MAS from altering or otherwise disposing of Plaintiff's property. The stay of the injunction required Plaintiff to pay $3,325.00 for food provided by Defendant and vaccination of his pups. Plaintiff satisfied the payment with the Circuit Court Clerk on November 10, 2021. The court set a hearing on a permanent injunction for December 3, 2021.

31.    On November 9, 2021, Plaintiff propounded discovery to Defendant MAS seeking the facts, including emails from MAS to MPD that preceded and supported the warrant for Plaintiff's arrest.

32.    Plaintiff appeared for the hearing, and before the presentation of proof, Defendant MAS through its field supervisor, Crystal Smith, consented to the return of Plaintiff's dogs. MAS told Plaintiff that he could retrieve his dogs that day.

33.    Within minutes of leaving the Circuit Court, Defendant MAS claimed that the dogs could not be released because the criminal court was holding them as evidence.

34.    On January 6, 2022, per court order, the remaining seven dogs were returned to Plaintiff, three were allegedly euthanized, and the Exotic Bully was missing. The exotic bully, worth more than $10,000, was allegedly "adopted out" by MAS.

35.    At the initial hearing in Criminal Court, the MPD officer (believed to have sworn out the arrest warrant) became so enraged after questions from the Judge about the failure to comply with the forfeiture statute that he abruptly left the courtroom. Tennessee Code Ann. § 39-11-707 (c) states, "Upon seizure of personal property for forfeiture, the seizing agency shall within five (5) working days, apply ex parte for a forfeiture warrant from a judge authorized to issue a search warrant…".

36.    On April 14, 2022, a different officer (the officer who entered Plaintiff's backyard) appeared at the preliminary hearing and admitted to entering Plaintiff's premises.

37.    Afterward, all charges against Plaintiff were dismissed by the General Sessions Court of Shelby County, TN, with a finding of no probable cause.

V.

## FEDERAL CAUSES OF ACTION

## CAUSE OF ACTION AGAINST THE CITY OF MEMPHIS AND OFFICER JOHN DOE

38.     Defendant, City of Memphis, is liable to Plaintiff under 42 USC § 1983 because it deprived Plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States by a person acting under color of law, without due process of law. Additionally, the City is liable in its official capacity because it failed to train its officer to employ constitutional means ( a warrant based on probable cause)to access the private areas of Plaintiff's home.

39.     Specifically, Defendant violated Plaintiff's Fourth Amendment rights when officer John Doe, under color of law, made warrantless entry unto Plaintiff's enclosed property on September 24, 2021, and seized Plaintiff's property. The officer had no probable cause to enter unto Plaintiff's property, nor did exigent circumstances exist to justify the officer's entry.

40.     The warrantless search of Plaintiff's premises in the absence of probable cause and exigent circumstances was contrary to established principles outlined in the Fourth Amendment. Further, Plaintiff had a legitimate expectation of privacy in his enclosed backyard. Therefore, the search of Plaintiff's premises and the seizure of his property were objectively unreasonable.

41.     In addition, the City of Memphis failed to train Officer John Doe when he negligently secured a warrant for Plaintiff's arrest. Specifically, the officer who sought the warrant knew or should have known that the 34-day delay in prosecution evidenced that there was no factual basis for the information furnished by MAS, and no substantial basis existed to believe that MAS was credible. Thus, the officer's actions violated Tenn.R.Civ.P. 4.

VI.

**CAUSE OF ACTION AGAINST MEMPHIS ANIMAL SERVICES**

42.    Defendant, Memphis Animal Services, under color of law, is liable to Plaintiff under 42 USC § 1983 because it deprived Plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States by a person acting under color of law, without due process of law. Additionally, MAS is liable in its official capacity because it failed to train or supervise its officer on the proper procedures to employ upon a warrantless entry onto a citizen's private property in the absence of probable cause and exigent circumstances. As a result, the City deprived Plaintiff of procedural due process and substantive due process.

43.    Defendants, Supervisors Crystal Smith, and David Rose, are sued individually for their malicious pursuit of criminal charges against Plaintiff. Their actions also constituted an abuse of process.

44.    As a result of the CITY's above-described customs, patterns, and practices, the individual Defendants reasonably believed that even objectively unreasonable seizures of property from citizens would not subject them to serious discipline. Moreover, the individual actors were field supervisors and knew or should have known their actions violated the law.

45.    The individual field supervisors, David Rose and Crystal Smith are guilty of malicious prosecution of Plaintiff, slander, and abuse of process. Their collective acts were intentional, prolonged, outrageous, and patently offensive to a reasonable person.

46.    Based on the Defendants' conduct, it is clear that they acted intentionally and maliciously.

47.    The Defendants' conduct has left Plaintiff mentally, emotionally, and financially exhausted, frustrated, embarrassed, and concerned for his safety.

48.     The Plaintiff was incarcerated and forced to expend money for legal representation to regain his property and restore his reputation and good name.

49.     Plaintiff has suffered embarrassment, indignity, disgrace, and shame. The Defendants' conduct was intentional and without regard for the Plaintiff's emotional health, constitutional rights, or freedom.

## WHEREFORE, BASED ON THE PRECEDING ALLEGATIONS IN THIS COMPLAINT, THE PLAINTIFF PRAYS:

1.      That proper process issue requiring Defendants to answer this Complaint in the time permitted by law.

2.      That the Court empanels a jury to try the issues joined herein.

3.      That the Court award Plaintiff a judgment against the Defendants for $750,000.00.

4.      That punitive damages be awarded based upon the intentional conduct of Defendants for $250,000.00.

5.      For all other relief to which Plaintiff may be entitled.


Respectfully submitted,


s/Linda K. Garner (TBN 13573)
LADY LAWYERS
40 South Main, Suite 1523
One Commerce Square
Memphis, TN  38103
(901) 524-1111
(901) 524-1004 facsimile
Lgarner4@comcast.net

11