IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| LORENZO CLARK     Plaintiff, v. MEMPHIS ANIMAL SERVICES, and THE CITY OF MEMPHIS and UNKNOWN NAMES OF MEMPHIS POLICE OFFICERS TO BE NAMED IN THEIR INDIVIDUAL CAPACITY AS MEMPHIS POLICE DEPARTMENT OFFICERS,     Defendants. | Case No. 2:22-cv-02641-JTF-atc Jury Demanded |

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION AND MOTION SEEKING PERMISSION FOR INTERLOCUTORY APPEAL**

On August 22, 2024, Defendant filed a Motion for Summary Judgment, with an accompanying Statement of Undisputed Material Facts. (ECF. Nos. 47, 48 & 49.) Plaintiff Lorenzo Clark filed his Response in opposition on September 19, 2024. (ECF No. 51.) Plaintiff also filed his objections to Defendant's facts and his counterstatement of the undisputed facts. (ECF Nos. 51-1 & 51-2.) Defendant filed a Reply on October 3, 2024, along with his objections to Plaintiff's proposed facts. (ECF Nos. 53 & 54.) On November 27, 2024, this Court granted a partial summary judgment. (ECF No. 61.) Now before the Court are two motions. First is Plaintiff's Motion for Reconsideration, filed on November 30, 2024. (ECF No. 62.) Defendant filed a Response on December 6, 2024. (ECF No. 65.) In the Motion for Reconsideration, Plaintiff asserts that the Court's grant of Defendant's motion for summary judgment with respect to Plaintiff's warrantless search and failure to give notice claims should be reconsidered. (ECF No. 62, 1.) Second is

1

Plaintiff's Motion Seeking Permission for Interlocutory Appeal, filed on December 9, 2024. (ECF No. 71.)

For the following reasons, the Court **DENIES** both motions.

### I.     LEGAL STANDARD

**A.  Motion for Reconsideration**

In the Sixth Circuit, a motion to reconsider judgment may be granted only in highly unusual circumstances, such as when there is newly discovered evidence, a clear error of law, an intervening change in controlling law, or to prevent manifest injustice. Fed. R. Civ. P. 59(e); *Wiseman v. Interstate Brand Corporation*, No. 07-2487, 2008 WL 11417495, at *1 (W.D. Tenn. Apr. 10, 2008) (citing *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). Rule 59 is not intended to be used to "relitigate issues previously considered" or to "submit evidence which in the exercise of reasonable diligence, could have been submitted before." *Parks v. Financial Federal Sav. Bank*, No. 03-2326, 2005 WL 947290, at *1 (W.D. Tenn. Feb. 2, 2005). Thus, there are very limited circumstances in which the Court may grant this motion. *See id.*

In his motion to reconsider, Plaintiff contends that the Court made a clear error of law in its prior ruling, relying largely on arguments he raised in his Response to Defendants' Motion for Summary Judgment. (ECF No. 62, 1.) A party moving to alter or amend judgment based on "clear error of law" is held to a high standard. *Lonardo v. Travelers Indem. O.*, 706 F.Supp.2d. 766, 809 (N.D. Ohio 2010). To alter or amend its judgment under Rule 59(e), the court must find it wholesale disregarded, misapplied, or failed to recognize controlling precedent. *Id.* In other words, "a judgment must be 'dead wrong' to qualify as being clearly erroneous." *Id.* (quoting *H & A Land Corp. v. City of Kennendale*, No. 4:02-cv-485, 2005 WL 6803499, at *2 (N.D. Tex. Oct. 24, 2005)).

### B. Interlocutory Appeal

An interlocutory appeal is appropriate when an order (1) involves a controlling question of law (2) as to which there is substantial ground for difference of opinion and (3) that an immediate appeal from the order may materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b). "Review under § 1292(b) is granted sparingly and only in exceptional cases." *Lofgren v. Polaris Indus. Inc.*, 526 F. Supp. 3d 322, 326 (M.D. Tenn. 2021) (quoting *In re City of Memphis*, 293 F.3d 345, 349 (6th Cir. 2002)). Movant has the burden of showing that exceptional circumstances exist warranting an interlocutory appeal. *Id.* (quoting *Gieringer v. Cincinnati Ins. Cos.*, No. 3:08-CV-267, 2010 WL 2572054, at *2 (E.D. Tenn. June 18, 2010)). A matter of law is "controlling" if its resolution could materially affect the litigation's outcome, such as when it could result in reversal of the district court's final judgment, would possess precedential value, impact liability, or save the court and litigants substantial time and resources. *See West Tennessee Chapter of Associated Builders and Contractors, Inc. v. City of Memphis*, 138 F.Supp.2d 1015, 1018–19. Substantial grounds for difference of opinion exists when the issue is difficult and of first impression, a difference of opinion exists within the controlling circuit, or there is a circuit split. *Id.* at 1019. As for the third prong, an interlocutory appeal is most appropriate early in the proceedings where reversal would substantially alter the course of the district court proceedings or relieve the parties of significant burdens, but their role is diminished close to trial when large expenditures have already been made. *Id.* at 1026. Even when all the statutory criteria are met, district courts have broad discretion to deny certification. *Ragland by and through Mitchell v. Shelby County, Tenn.*, No. 22-2862, 2024 WL 3554882, at *1 (W.D. Tenn. July 26, 2024).

## II. <u>ANALYSIS</u>

### A. Fourth Amendment Claim – the Warrantless Search

Plaintiff asserts that the Court made a clear error of law when it found that Defendants' warrantless entry into the backyard of the property was not in violation of the Fourth Amendment because the officers observed exigent circumstances pertaining to the dogs' welfare. In support, Plaintiff relies primarily on Memphis Animal Services (MAS) Officer Christa Smith's testimony that no emergency existed, and that Defendant had five (5) hours to obtain a warrant. (ECF No. 62, 2.) However, there is sufficient factual support in the record to show that Smith and her fellow officers entered the backyard because they had a reasonable belief that an exigency as to the dogs' welfare existed.[1] The facts here are similar to those in *United Pet Supply, Inc. v. City of Chattanooga, Tenn.* where the court found that an officer had a reasonable belief that an exigency existed when pet store animals were found to be dehydrated, in high heat and without water, one hamster had a large cut that had not received medical care, and the store employees were unaware that a hamster had died in its cage. 768 F.3d 464, 490 (6th Cir. 2014). Here, like in *United Pet Supply*, Smith believed she, along with the other offices, had reason to enter the yard "[d]ue to the short heavy chains and the lack of drinking water." (ECF No. 51-5, 1.) Since Plaintiff has not identified any clear error of law, the Court **DENIES** Plaintiff's Motion to Reconsider with respect to the Fourth Amendment claim as to the warrantless entry.

### B. Fourteenth Amendment Claim – Failure to Give Notice of Animal Seizure

Plaintiff next contests the Court's ruling on his Fourteenth Amendment claim. (ECF No. 62, 3.) He maintains that he had included his lack of notice claim in the Complaint, and therefore it is not a new claim. (*Id.*) Plaintiff cites to Paragraph 13 of both his Complaint and proposed Amended Complaint, which states: "Plaintiff did not receive notice of impoundment of his property or his

---

[1] From the neighbor's yard, officers claim to have observed that dogs lacked rabies tags, were being restrained by visibly short, heavy chains, and more than three (3) dogs lacked access to water. (ECF No. 51-1, 2 ¶ 3.) Based on these observations, they decided to enter the property. (*Id.* at ¶ 4.)

4

whereabouts, nor was he provided information on his redemption rights." However, Plaintiff fails to connect any of these allegations to his procedural due process claim. In fact, when he does connect factual allegations to causes of action, these facts instead relate to the failure to train and the search and seizure claims. (ECF No. 1, 9 ¶ 42.) Consequently, Plaintiff's failure to give notice claim is essentially a new claim raised for the first time in his Response to Defendant's Motion for Summary Judgment. Therefore, Plaintiff's Motion to Reconsider is **DENIED** with respect to his failure to give notice claim.

### C.  Certification for Interlocutory Appeal

In his second motion, Plaintiff requests that the Court certify its dismissal of the aforementioned claims as final decisions under Fed. R. Civ. P. 54(b) and grant him permission to seek an interlocutory appeal.

The Court's finding that exigent circumstances justified the officers' warrantless entry onto the property is not a controlling question of law because it would not materially affect the ultimate question of whether the warrantless seizure of the dogs was constitutional under the Fourth Amendment. While it would impact the City's liability, certification of this issue for interlocutory review would not possess precedential value or save the court and litigants substantial time and resources. Similarly, the failure to give notice claim does not rise to the level of a controlling question of law because it does not materially affect the litigation's outcome, possesses no precedential value, and does not save the court and litigants any time or resources. Neither of these claims presented issues of first impression within this Circuit, and neither are the subject of a circuit split. Lastly, permitting Plaintiff to file an interlocutory appeal would not materially advance the ultimate termination of the litigation. *See Love v. Shelby County Tenn.*, No. 04-2769, 2007 WL 3053362, at *4 (W.D. Tenn. Oct. 18, 2007). Here, the decisions that Plaintiff would like

to appeal were not made by the Court early in the proceedings. Plaintiff filed this motion less than a day before the case went to trial, after discovery had been completed. Postponing the case any further would not be efficient for the Court or the litigants. The Court **DENIES** Plaintiff's Motion to Certify the two issues for interlocutory appeal. As such, Plaintiff should raise these issues on appeal after a final judgment has been entered in the case. *See id.*

### III.   CONCLUSION

Based on the foregoing, the Court **DENIES** Plaintiff's Motion for Reconsideration and Plaintiff's Motion Seeking Permission for Interlocutory Appeal.

**IT IS SO ORDERED** this 11th day of December, 2024.

*s/John T. Fowlkes, Jr.*
JOHN T. FOWLKES, JR.
UNITED STATES DISTRICT JUDGE